UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>CYNTHIA LEON MONTOYA,<br><br>                        Defendant. | Case No.:  20cr2914-CAB; 23cv1860-CAB<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**<br>**[DOC. NO. 79]** |

Before the Court is Defendant Cynthia Leon Montoya's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("motion to vacate"). [Doc. No. 79.] For the reasons set forth below, the motion is **DENIED.**

## FACTUAL BACKGROUND

On March 10, 2021, Defendant pled guilty to importation of methamphetamine and importation of cocaine, in violation of 21 U.S.C. § 952 and 960. [Doc. No. 34.] Through her plea agreement, Defendant agreed that she imported 4.40 kilograms of cocaine on her person, and 5.02 kilograms of methamphetamine body-carried by her 15-year-old minor son into the United States from Mexico [Doc. No. 33 at Para. II.B(2).] Further, the

Guidelines agreed to by the parties, pursuant to the plea agreement, placed Defendant at a base offense level of 38 under the U.S. Sentencing Guidelines. The parties agreed to a two-level enhancement for importation of methamphetamine if no role adjustment applied, as well as adjustments and departures for acceptance of responsibility (-3) and Fast Track (-4). The parties agreed to allow argument at sentencing for a two-level enhancement for use of a minor to commit a crime pursuant to USSG § 3B1.4.

Defense counsel Richard J. Boesen filed sentencing documents on May 5, 2021. [Doc. Nos. 39 and 40.] Defendant requested adjustments for safety valve pursuant to USSG § 2D1.1(b)(17) and 5C1.2 (-2) and minor role pursuant to 3B1.2 (-2). [Doc. No. 39]. Defendant requested additional departures and variances based on Defendant's mental and emotional conditions, imperfect duress, and combination of factors, and requested a sentence of less than 21 months. *Id.*

Counsel for the government filed a Sentencing Summary Chart on May 7, 2021 [Doc. No. 43.] The Government recommended adjustments for safety valve (-2) and use of a minor pursuant to USSG § 3B1.4 (+2). *Id.* After all adjustments and departures were totaled, the adjusted offense level recommended by the Government was 33, resulting in a guideline range of 135 months to 168 months at Criminal History Category I. *Id.* The Government recommended a downward variance based on Defendant's waiver of Speedy Trial Act claims, as well as an additional variance to "avoid unwarranted disparities here in light of Defendant's health issues, background, and family circumstances . . . ." *Id.* The Government's ultimate sentencing recommendation was 70 months.

The Court held a sentencing hearing on May 17, 2021. [Doc. No. 68.] At the conclusion of the hearing, the sentencing court imposed a sentence of 100-months in custody and five years of supervised release for each count, concurrent. [Doc. No. 47.] Judgment was entered on June 7, 2021. [Doc. no. 62.]

## PROCEDURAL BACKGROUND

On October 6, 2023, Defendant filed the pending Motion to Vacate. [Doc. No. 79.] In the Motion to Vacate, Defendant requests the Court vacate, set aside, or correct her

1  sentence based on ineffective assistance of counsel (IAC). Defendant claims her
2  sentencing counsel, Richard J. Boesen, was ineffective in that Mr. Boesen: 1) told
3  Defendant that she was looking at a sentence of no more than 5 years; 2) failed to provide
4  Defendant with a copy of her Presence Investigation Report (PSR) prior to sentencing; 3)
5  failed to argue mitigating circumstances of Defendant's mental health conditions and 4)
6  violated attorney-client privilege by arguing with Defendant during her presentence
7  interview about the disposition of payments made for transporting controlled substances.
8  *Id.*

9  On November 17, 2023, the government filed an opposition. [Doc. No. 86.] On
10 December 8, 2023, Defendant filed a reply. [Doc. No. 88.] After this Court granted the
11 government's motion to waive attorney-client privilege and compel any associated
12 disclosure [Doc. Nos. 85, 103], on August 28, 2024, the government filed a supplemental
13 opposition. [Doc. No. 109.] On November 29, 2024, Defendant filed a reply to the
14 supplemental opposition. [Doc. No. 114.]

### LEGAL STANDARD

16  To prevail on a claim that counsel's assistance was so defective as to require
17 reversal of a conviction, a defendant must show that counsel's performance was deficient
18 and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466
19 U.S. 668, 687 (1984). The proper standard for evaluating attorney performance is
20 whether the assistance was reasonably effective under the circumstances. *Id*. at 690.
21 Judicial scrutiny of defense counsel's performance must be "highly deferential," and a
22 court "must indulge a strong presumption that counsel's conduct falls within the wide
23 range of reasonable professional assistance...." *Id*. at 689. Prejudice is shown when "there
24 is a reasonable probability that, but for counsel's unprofessional errors, the result of the
25 proceeding would have been different. A reasonable probability is a probability sufficient
26 to undermine confidence in the outcome." *Id*. at 694.
27 / / / / /
28 / / / / /

**DISCUSSION**

A. Counsel's Representations Regarding Punishment.

Defendant alleges that her counsel told her she was "looking at no more than five years," which led her to plead guilty. [Doc. No. 79 at 1.] However, this allegation does not amount to IAC under *Stickland*. First, Mr. Boesen denies making that statement. [Doc. No. 109-1 at 3, ¶2.] Moreover, Plaintiff's allegations are contradicted by statements in her signed plea agreement that she knew about potential sentences and knew that her sentence was within the sole discretion of the judge. [Doc. No. 33, ¶VI.B., IX.] Plaintiff then confirmed these sworn statements at the plea hearing. [Doc. No. 67 at 10-12.] Sworn statements at the plea hearing "carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012). Thus, these allegations fail to show IAC under *Strickland*.

B. Counsel's Alleged Failure to Provide Copy of PSR.

Defendant alleges counsel failed to provide her a copy of her presentence report ("PSR") prior to sentencing. [Doc. No. 79 at 1.] Again, Mr. Boesen denies this allegation. [Doc. No. 109-1 at 3, ¶4.] Moreover, at the sentencing hearing, the Court asked Defendant's counsel whether he had reviewed the PSR with Defendant prior to sentencing, and counsel responded "I certainly have, Your Honor." [Doc. No. 68 at 2.] Defendant did not contradict or challenge that statement at her sentencing hearing, despite having the opportunity to address the Court. [Doc. No. 68 at 20-22.] Finally, even if her allegations are true, Defendant fails to show what allegedly false information in the PSR was relied upon by the Court at sentencing. Thus, Defendant fails to satisfy the prejudice prong under *Strickland*.

C. Mitigating Evidence Regarding Mental Health Conditions.

Defendant claims that counsel failed to present mitigating evidence at sentencing regarding her mental health conditions. [Doc. No. 79 at 1.] However, this claim is also contradicted by the record. Prior to sentencing, defense counsel filed a sentencing memorandum [Doc. No. 40] and a psychological evaluation (filed under seal) prepared

4

by a licensed psychologist. These documents detailed multiple traumas experienced by the Defendant throughout her life and the impact on her mental health. Defense counsel pointed to this mitigating information in requesting a downward departure for Defendant based on "mental and emotional conditions" under USSG § 5H1.3. [Doc. No. 39 at 2.] At sentencing, defense counsel also pointed to this information, and Defendant's diagnosed major depressive disorder. [Doc. No. 68 at 17.] The Court acknowledged this information and took it into account when fashioning an appropriate sentence. [*Id.* at 35.] Thus, Defendant fails to show IAC under *Strickland*.

D. Representation at Presentence Interview.

Defendant alleges that defense counsel argued with her during Defendant's presentence interview regarding the disposition of money made transporting drugs, and that this action was a breach of attorney-client privilege. [Doc. No. 79 at 1.] First, this cannot support an IAC claim because there is no Sixth Amendment right to counsel in a presentence interview, as it is not considered a "critical stage" in an adversary proceeding. *See United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995)("[I]f the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance.") Second, Mr. Boesen denies that this argument occurred. Finally, even if the allegations are true, Defendant has failed to show how this alleged argument with counsel prejudiced her. Accordingly, Defendant fails to show IAC under *Strickland*.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Vacate is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 13, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge